In re IVAN F. BOESKY SECURITIES LITIGATION.

MDL Dkt. No. 732.
No. M–21–45–MP.

United States District Court,
S.D. New York.

April 22, 1994.

Stanley Nemser, Jeffrey H. Konis, Wolf Popper Ross Wolf & Jones, New York City, David Berger, Larry D. Lederer, Berger & Montague, P.C., Philadelphia, PA, Lead/Liaison Counsel, Charles Barnhill, Davis, Miner, Barnhill & Galland, P.C., Madison, WI, William Bertain, Eureka, CA, Richard Burnham, Laollette & Sinykin, Madison, WI, Lowell E. Sachnoff, Sachnoff & Weaver, Ltd., Chicago,

---

IL, David B. Gold, Alan R. Plutzik, Gold & Bennett, San Francisco, CA, for plaintiffs.

Maurice N. Nessen, Alan R. Friedman, Michael J. Dell, Gary P. Naftalis, Kramer, Levin, Naftalis, Nessen, Kamin & Frankel, Andrew J. Maloney, Brown & Wood, New York City, for Charles E. Hurwitz, Federated Development Co., MAXXAM Group, Inc., MAXXAM Properties, Inc., MCO Properties, Inc., MCO Holdings, Inc., MXM Corp. (Maine), and Pacific Lumber Holdings, Inc.

Edwin B. Mishkin, Richard F. Ziegler, Cleary, Gottlieb, Steen & Hamilton, New York City, for Salomon Bros., Inc.

Ronald L. Ripley, Linn & Helms, Oklahoma City, OK, for Boyd L. Jefferies.

Eric J. Lobenfeld, Joanna R. Swomley, Dewey Ballantine, New York City, Timothy E. Carr, William E. Mussman, William E. Mussman, III, Michael T. Healy, Carr & Mussman, San Francisco, CA, for John B. Bates, Edward M. Carpenter, Michael F. Coyne, Gene G. Elam, Michael P. Hollern, Robert B. Hoover, Mary E. Lanigar, and Stanley T. Skinner.

Joel M. Leifer, Hertzog, Calamari & Gleason, New York City, for Daniel P. Lynch, III.

Lloyd P. Derby, Nancy M. Saunders, Morgan, Lewis & Bockius, Los Angeles, CA, for Jefferies & Co., Inc.

## *MEMORANDUM*

MILTON POLLACK, Senior District Judge:

In the pre-trial proceedings conducted on the eve of trial, the parties have been proceeding among themselves with occasional informal reference to and guidance of the Court. The procedure has been entirely satisfactory to the parties and to the Court. In view of the sophistication and stature of counsel in the profession, more formal proceedings and paperwork would have been wasteful of effort and unnecessary.

In that vein, counsel have gone far by themselves, without need for the Court's intervention. An issue on which they are now hung up is the clarification before trial of the plaintiffs' pleadings. The attempts to ready these cases and fix and reach a mutually agreeable trial date have been derailed by recent depositions and settlement discussions and negotiations. Thus, the parties have informally been busy with trial stipulations, including a waiver of a jury trial, agreement on the exhibits, the witness lists, agreed and disputed proposed findings of fact, and other matters to tidy up pre-trial open items and present an efficient Bench trial of the merits.

In this connection, the Court has also been requested to permit the plaintiffs to join additional parties-plaintiffs in these class suits who previously had opted-out of the Class and now wish to be included therein.

The parties have proceeded among themselves and with the Court by letter explanations. Now a form of order has been submitted by plaintiffs to include the names of the above-mentioned additional parties as plaintiffs, and to make clear that the allegations and transactions asserted in the complaint are to be understood as including the conclusory statement that those allegations are intended to and do spell out breach of fiduciary duty under Maine, Delaware and other state law, if applicable. The procedure utilized by plaintiffs was to give notice to defendants' counsel and to the Court, in writing by letter and with responses by letter, omitting the technical inconvenience of the same assertions in the form of legal notices of motion.

The defendants have protested the attempted pre-trial correction of the pleadings. The defendants point to the long lapse since inception of these cases. However, there is important history which they seem willing to overlook. Namely, that all the cases before the Court were combined by the Judicial Panel for Multidistrict Litigation from other and this locality for coordinated pre-trial proceedings. The cases themselves relate to transactions that were part and parcel of and interwoven with the massive litigations that are now public news relating to Messrs. Boesky, Milken and Drexel, and calling into question here the same actors. The Court can take judicial notice of the fact that the development of particular facts in relation to these cases, included matters involving parking of securities, issuance of junk bonds and other activities of Messrs. Milken, Boesky

and Jefferies, among others, which have come to light in the intervening years, and by depositions, but only slowly and in a variety of circumstances. The setting of the allegations in these cases has come to light only slowly and that has been a major cause for delay in reaching trial.

Suffice it to say, there is no mystery about the transactions asserted in the pleadings, and there can be no genuine claim by the defendants of surprise or inability to prepare. The issue of breach of fiduciary duty has been implicated throughout, albeit those words were not expressed in the pleading, but the facts giving rise thereto have been asserted from the beginning and have been responded to by the defendants in a variety of ways, including the deposition procedure which they have utilized. The defendants' opposition to characterizing those transactions and acts as in breach of fiduciary duty, centers on the fact that under federal law, securities law and RICO, elements of proof are required that are not required for the same transactions and facts on which to assess liability under breach of fiduciary duty under state law. This may be especially significant here, because just this week, the Supreme Court has ruled that a private action for violation of the Securities Laws, § 10(b), may not rest on the concept of aiding and abetting.

In short, there are no new transactions or allegations of fact involved in pre-trial amendment of the pleading sought, and there can be no conceivable legal prejudice to the defendants, and certainly no bad faith is chargeable against the plaintiffs in connection with allowance of the manner in which the facts alleged in the pleadings are characterized. It does not lie with the defendants to compel the plaintiffs to rely only on the theory on which the defendants believe the plaintiffs may falter, when the same transactions and facts support another theory of liability fairly asserted by the allegations of the transactions and facts in the pleading.

The rule of law applicable here with respect to the amendment of the complaint is stated in *Flickinger v. Harold C. Brown & Co., Inc.,* 947 F.2d 595, 599–600 (2d Cir.1991), as follows:

BBSI attempts to counter this argument by pointing out that Flickinger failed to plead the third party beneficiary theory in his complaint. To this, we simply respond that federal pleading is by statement of claim, not legal theory. *Newman v. Silver,* 713 F.2d 14, 15, n. 1 (2d Cir.1983); Fed. R.Civ.P. 8(a); *see also Gins v. Mauser Plumbing Supply Co.,* 148 F.2d 974, 976 (2d Cir.1945) (Clark, J.) ("particular legal theories of counsel yield to the court's duty to grant the relief to which the prevailing party is entitled, whether demanded or not").

The proposed amendment of the pleadings as set forth in the Addendum to this memorandum is allowed and will be deemed incorporated in the pleadings of the plaintiffs.

The addition to the list of members of the plaintiffs' class in the complaint, those who opted-out, appears unnecessary at this stage, and is denied. If their inclusion is sought to give them an opportunity to participate in any recovery herein, that may await the result of the trial, at which time their equities can be considered if necessary.

SO ORDERED.

## ADDENDUM

## AMENDMENTS TO THE COMPLAINT ALLOWED April 22, 1994

### COUNT LIII

*The Pacific Defendants: Breach of Fiduciary Duty*

992. Class VI Plaintiffs and Individual Pacific Shareholder Plaintiffs ("Plaintiffs") incorporate by reference ¶¶ 1–62, 103, 109, 140–145, 412–451 and 880–991 as though fully set forth herein.

993. The Pacific Defendants, individually and collectively, owed duties of care and loyalty to Plaintiffs under the common law and Section 716 of the Maine Business Corporation Act, which they breached by the acts and failure to act as hereinabove alleged.

### COUNT LIV

*The Hurwitz Defendants: Aiding and Abetting Breach of Fiduciary Duty*

994. Plaintiffs incorporate by reference ¶¶ 1–62, 103, 109, 140–145, 412–451 and 880–995 as though fully set forth herein.

ADDENDUM—Continued

995. The Hurwitz Defendants, who were controlling or in common control with the Pacific Defendants, knowingly or recklessly rendered substantial assistance to the Pacific Board in their individual and collective breaches of fiduciary duty as hereinabove alleged.

## COUNT LV

### Salomon: Aiding and Abetting Breach of Fiduciary Duty

996. Plaintiffs incorporate by reference ¶¶ 1–62, 103, 109, 140–145, 412–451 and 880–999 as though fully set forth herein.

997. Salomon knowingly or recklessly rendered substantial assistance to the Pacific Defendants in their individual and collective breaches of fiduciary duty as hereinabove alleged.

998. As a direct, proximate and foreseeable consequence of the Pacific Defendants' breaches of fiduciary duty and the Hurwitz Defendants' and Salomon's substantial assistance of these breaches of fiduciary duty, as alleged herein, Plaintiffs suffered losses and were damaged thereby, and all of the defendants were unjustly enriched. The Hurwitz Defendants and Salomon were jointly and severally liable with the Pacific Defendants for any losses incurred by the Plaintiffs as a result of the Pacific Defendants' breaches of fiduciary duty.

## COUNT LVI

### Salomon: Negligent Misrepresentation

999. Plaintiffs incorporate by reference ¶¶ 1–62, 103, 109, 140–145, 412–451 and 880–1004 as though fully set forth herein.

1000. Salomon knew that its opinion that the $40 per share Amended Offer was "fair", was based on inadequate information, was not the result of an independent analysis, was contrary to its earlier conclusions regarding the value of Pacific's shares and would be provided to and relied upon by the Pacific shareholders, including Plaintiffs, to whom Salomon owed a duty of care and honesty.

1001. Salomon's opinion that the $40 price on the Amended Offer was a negligent misrepresentation of the value of Pacific's shares a direct, proximate and foreseeable consequence of which Plaintiffs suffered losses.

## COUNT LVII

### The Pacific Defendants, Hurwitz Defendants, Jefferies and Salomon: Fraud and Deceit

1002. Plaintiffs incorporate by reference ¶¶ 1–62, 103, 109, 140–145, 412–451 and 880–1009 as though fully set forth herein.

1003. By virtue of the acts and failure to act as hereinabove alleged, which amounted to gross misconduct and were willful, wanton and reckless, the Pacific Defendants, the Hurwitz Defendants, Jefferies and Salomon engaged in fraud and deceit and aided and abetted one another and, but for the acts and failures to act, as alleged herein, Plaintiffs would not have tendered, exchanged or sold their shares at $40 a share. As a direct,. proximate and foreseeable consequence of such fraud and deceit, Plaintiffs were damaged.